

UNITD STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **22-20242-CR-MOORE/LOUIS**

50 U.S.C. § 4819(a)(1) & (a)(2)(C)
18 U.S.C. § 554(a)
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

HENDEL LAURENT,

  Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### The Statutes and Regulations

1. The Export Control Reform Act of 2018 ("ECRA"), 50 U.S.C. §§ 4801-4852, provides for the control of the export, re-export, and in-country transfer of items, and specific activities of United States persons, wherever located, that implicate national security. To that end, ECRA grants the President the authority to control "the export, reexport, and in-country transfer of items subject to the jurisdiction of the United States, whether by United States persons or by foreign persons." 50 U.S.C. § 4812(a)(1). It is unlawful for a person to willfully violate, attempt to violate, conspire to violate, or cause a violation of any license, order, regulation, or prohibition issued under ECRA. 50 U.S.C. § 4819.

2. Pursuant to ECRA authority, the Department of Commerce reviews and controls the export of certain items, including firearms and magazines, from the United States to foreign countries through the Export Administration Regulations ("EAR"), which is codified at 15 C.F.R. §§ 730-774. In particular, the EAR restricts the export of items that could make a significant contribution to the military potential of other nations or that could be detrimental to the foreign policy or national security of the United States. The EAR imposes licensing and other requirements for items subject to the EAR to be lawfully exported from the United States or lawfully re-exported from one foreign destination to another.

3. The most sensitive items subject to EAR controls are identified on the Commerce Control List, or "CCL," published at 15 C.F.R. Part 774, Supp. No. 1. Items on the CCL are categorized by Export Control Classification Number ("ECCN"), each of which has export control requirements depending on destination, end use, and end user.

4. Items categorized under ECCNs require a license for export based on a specific "reason for control." The "reason for control," in turn, determines the countries to which export of an item requires a license. "Firearms and Related Commodities" are controlled for export for, among other reasons, National Security, Anti-Terrorism, and Regional Security. 15 C.F.R. Part 774, Supp No. 1 0A501.

5. Pursuant to the EAR, 15 C.F.R., Part 764.2(b), "No person may cause or aid, abet, counsel, command, induce, procure, permit, or approve the doing of any act prohibited, or the omission of any act required, by ECRA, the EAR, or any order, license or authorization issued thereunder."

6. Pursuant to the EAR, Title 15 C.F.R., Part 764.2(e), "No person may order, buy, remove, conceal, store, use, sell, loan, dispose of, transfer, transport, finance, forward, or otherwise

service, in whole or in part, or conduct negotiations to facilitate such activities with respect to, any item that has been, is being, or is about to be exported, reexported, or transferred (in-country), or that is otherwise subject to the EAR, with knowledge that a violation of ECRA, the EAR, or any order, license, or authorization issued thereunder, has occurred, is about to occur, or is intended to occur in connection with the item."

### The Commerce Control-List Items

7. "Non-automatic and semi-automatic firearms equal to .50 caliber (12.7 mm) or less" and "detachable magazines with a capacity of greater than 16 rounds 'specially designed' for" those firearms are listed on the CCL. 15 C.F.R. Part 774, Supp. No. 1 (entries for ECCN ECCN 0A501.a and 0A501.d). Both categories of items are controlled for export for, among other reasons, National Security, Anti-Terrorism, and Regional Security. 15 C.F.R. Part 774, Supp. No. 1. An export license is required from the Department of Commerce to export or reexport these firearms and magazines from the United States to Haiti.

### Smuggling Goods

8. Title 18, United States Code, Section 554, prohibits fraudulently and knowingly exporting and sending, and attempting to export and send, from the Untied States, any merchandise, article, and object contrary to any law and regulation of the United States, and the receiving, concealing, buying, selling, and in any such manner facilitating the transportation, concealment, and sale of such merchandise, article and objection, prior to exportation, knowing the same to be intended for exportation contrary to any law and regulation of the United States.

### The Defendant

9. **HENDEL LAURENT**, was a dual citizen of the United States and Haiti who resided in the United States.

10. At all times relevant to this Indictment, the defendant did not obtain the necessary license from the Department of Commerce to export CCL items to Haiti.

## COUNT 1
**Attempted Export of Goods in Violation of ECRA**
**50 U.S.C. § 4819**

1. Paragraphs 1 through 10 of the General Allegations Section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. From at least as early as on or about November 10, 2020, and continuing until on or about December 8, 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the Defendant,

**HENDEL LAURENT**,

did knowingly and willfully attempt to export, and attempt to cause the export of, items identified on the Commerce Control List, that is firearms and related commodities, specifically, non-automatic and semi-automatic firearms equal to .50 caliber (12.7 mm) or less, and detachable magazines with a capacity of greater than 16 rounds specially designed for those firearms, from the United States to Haiti, without first having obtained the required license from the United States Department of Commerce, and did knowingly and willfully transfer an item to be exported, that is, non-automatic and semi-automatic firearms equal to .50 caliber (12.7 mm) or less and detachable magazines with a capacity of greater than 16 rounds specially designed for those firearms, with knowledge that a violation of the Export Administration Regulations was about to occur, in violation of Title 50, United States Code, Section 4819(a)(1) and (a)(2)(C), Title 15, Code of Federal Regulations, Part 764.2, and Title 18, United States Code, Section 2.

It is further alleged that the non-automatic and semi-automatic firearms equal to .50 caliber (12.7 mm) or less and detachable magazines with a capacity of greater than 16 rounds specially designed for those firearms are:

|    | Make / Model | Serial Number |
|----|---|---|
| 1  | SMITH & WESSON, SD9VE | FCV9944 |
| 2  | SMITH & WESSON, SD9VE | FCV6351 |
| 3  | SMITH & WESSON, SD9VE | FCV6205 |
| 4  | SMITH & WESSON, M&P 15 | TR09711 |
| 5  | SMITH & WESSON, M&P 15 | TR05210 |
| 6  | SMITH & WESSON, SD9VE | FCW0137 |
| 7  | SMITH & WESSON, SD9VE | FCV6344 |
| 8  | SMITH & WESSON, M&P 15 | TR07245 |
| 9  | SMITH & WESSON, M&P 15 | TR106042 |
| 10 | SMITH & WESSON, M&P 15 | TP89852 |
| 11 | Glock 19 gen 4 | AEPX967 |
| 12 | Taurus G3 | ABL140862 |
| 13 | Moriarit AR-15 | MA15-0101 |
| 14 | Taurus G2C | TMR27183 |
| 15 | Taurus PT111 | TXE78214 |
| 16 | Taurus PT809 | TKM60574 |
| 17 | Ruger 9E-SC | 337-92460 |
| 18 | Two (2) MEC-GAR Magazines 17 RD 9mm | None |
| 19 | One (1) Promag Extended Magazine 30 RD 9mm | None |
| 20 | Ten (10) Mag Pul P-mag Magazines 30 RD AR/M4 | None |
| 21 | One (1) IK-520 Magazine 40 RD | None |

## COUNT 2
### Smuggling of Goods
### 18 U.S.C. § 554(a)

1. Paragraphs 1 through 10 of the General Allegations Section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. From at least as early as on or about November 10, 2020, and continuing until on or about December 8, 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the Defendant,

**HENDEL LAURENT,**

did fraudulently and knowingly attempt to export and send, from the United States to a place outside thereof, that is, Haiti, any merchandise, article, and object, that is, firearms and related commodities, contrary to any law and regulation of the United States, and did conceal and facilitate the transportation and concealment of such merchandise, article, and object prior to exportation, knowing same to be intended for exportation contrary to any law and regulation of the United States, that is Title 50, United States Code, Section 4819(a)(1) and (a)(2)(C), and Title 15, Code of Federal Regulations, Part 764.2; in violation of Title 18, United States Code, Sections 554(a) and 2.

It is further alleged that the merchandise, article, and object, that is, firearms and related commodities, are:

|    | Make / Model                              | Serial Number |
|----|-------------------------------------------|---------------|
| 1  | SMITH & WESSON, SD9VE                     | FCV9944       |
| 2  | SMITH & WESSON, SD9VE                     | FCV6351       |
| 3  | SMITH & WESSON, SD9VE                     | FCV6205       |
| 4  | SMITH & WESSON, M&P 15                    | TR09711       |
| 5  | SMITH & WESSON, M&P 15                    | TR05210       |
| 6  | SMITH & WESSON, SD9VE                     | FCW0137       |
| 7  | SMITH & WESSON, SD9VE                     | FCV6344       |
| 8  | SMITH & WESSON, M&P 15                    | TR07245       |
| 9  | SMITH & WESSON, M&P 15                    | TR106042      |
| 10 | SMITH & WESSON, M&P 15                    | TP89852       |
| 11 | Glock 19 gen 4                            | AEPX967       |
| 12 | Taurus G3                                 | ABL140862     |
| 13 | Moriarit AR-15                            | MA15-0101     |
| 14 | Taurus G2C                                | TMR27183      |
| 15 | Taurus PT111                              | TXE78214      |
| 16 | Taurus PT809                              | TKM60574      |
| 17 | Ruger 9E-SC                               | 337-92460     |
| 18 | Two (2) MEC-GAR Magazines 17 RD 9mm       | None          |
| 19 | One (1) Promag Extended Magazine 30 RD 9mm| None          |
| 20 | Ten (10) Mag Pul P-mag Magazines 30 RD AR/M4 | None       |
| 21 | One (1) IK-520 Magazine 40 RD             | None          |

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **HENDEL LAURENT**, has an interest.

2. Upon conviction of a violation of Title 50, United States Code, Section 4819(a)(1), as alleged in this Indictment, the defendant shall forfeit to the United States any property (a) used or intended to be used, in any manner, to commit or facilitate the violation; (b) constituting or traceable to the gross proceeds taken, obtained, or retained, in connection with or as a result of the violation; and (c) constituting an item or technology that is exported or intended to be exported in violation of Title 50, United States Code, Section 4819(a)(1), pursuant to Title 50, United States Code, Section 4819(d)(1).

3. Upon conviction of a violation of Title 18, United States Code, Section 554, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c).

4. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following:

    a. One (1) Smith & Wesson Lower Receiver M&P15, serial number TR09711;

    b. One (1) Smith & Wesson Lower Receiver M&P15, serial number TR05210;

    c. One (1) Smith & Wesson Lower Receiver M&P15, serial number TR07245;

    d. One (1) Smith & Wesson Lower Receiver M&P15, serial number TR16042;

    e. One (1) Smith & Wesson Lower Receiver M&P15, serial number TP89852;

f.      One (1) Smith & Wesson Lower Receiver M&P15, serial number MA15-0101;

g.      Three (3) Smith & Wesson Unmarked Upper Receivers;

h.      Two (2) Smith & Wesson Unmarked Upper Receivers;

i.      Three (3) Unknown Unmarked Upper Receivers;

j.      One (1) Taurus G2C 9MM, serial number TMR27183;

k.      One (1) Taurus Millennium PT111 9 MM, serial number TXE78214;

l.      One (1) Taurus PT809, serial number TKM60574;

m.      One (1) Smith & Wesson SD9-VE 9MM, serial number FCV6344;

n.      One (1) Smith & Wesson SD9-VE, serial number FCW0137;

o.      One (1) Smith & Wesson SD9-VE, serial number FCV9944;

p.      One (1) Smith & Wesson SD9-VE, serial number FCV6351;

q.      One (1) Smith & Wesson SD9-VE, serial number FCV6205;

r.      One (1) Taurus G3, serial number ABL140862;

s.      One (1) Glock 19 gen 4, serial number AEPX967;

t.      One (1) Ruger 9E, serial number 337-92460;

u.      Ten (10) Smith & Wesson Magazine 9mm;

v.      Three (3) Glock Magazine 9mm;

w.      Three (3) PT 111 Pro Cal Magazine 9mm;

x.      One (1) MEC-GAR Magazine 15 RD 9mm;

y.      Two (2) MEC-GAR Magazine 17 RD 9mm;

z.      One (1) Promag Extended Magazine 30 RD 9mm;

aa.      One (1) Ruger Magazine 9mm;

bb.      Ten (10) Mag Pul P-mag Magazine 30 RD AR/M4;

cc. One (1) IK-520 Magazine 40 RD;

dd. Fifty (50) rounds of Blazer ammunition 9mm aluminum casing;

ee. One-Hundred (100) rounds of Blazer ammunition 9mm brass casing;

ff. Twenty-two (22) rounds of 9mm ammunition;

gg. Thirty-eight (38) rounds of 223 ammunition;

hh. One (1) long gun rail accessory;

ii. One (1) Moriarti Armaments AR-15, serial number MA15-0101

jj. One (1) Toyota 4Runner VIN JTEBU14R360098361

All pursuant to Title 50, United States Code, Section 4819, and Title 18, United States Code, Section 981(a)(1)(c) and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 28, United States Code Sections 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZÁLEZ
UNITED STATES ATTORNEY

_____
HAYDEN P. O'BYRNE
ASSISTANT UNITED STATES ATTORNEY

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

HENDEL LAURENT,

_____/

CASE NO.:

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

**Court Division** (select one)
- ☑ Miami   ☐ Key West   ☐ FTP
- ☐ FTL   ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect:

4. This case will take 6 days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☐ 0 to 5 days
   - II  ☑ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV  ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☐ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge                    Case No.

7. Has a complaint been filed in this matter? (Yes or No)
   If yes, Magistrate Case No.

8. Does this case relate to a previously filed matter in this District Court? (Yes or No)
   If yes, Judge                    Case No.

9. Defendant(s) in federal custody as of

10. Defendant(s) in state custody as of

11. Rule 20 from the               District of

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____
HAYDEN P. O'BYRNE
Assistant United States Attorney
FLA Bar No. 60024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name**: <u>HENDEL LAURENT</u>

**Case No**: _____

Count #: 1

<u>**Attempted Export of Goods in Violation of Export Control Reform Act**</u>

<u>Title 50, United State Code, Section 4819(a)(1) & (a)(2)(C)</u>

\* **Max. Term of Imprisonment:** 20 years' imprisonment
\* **Mandatory Min. Term of Imprisonment (if applicable):**
\* **Max. Supervised Release**: 3 years
\* **Max. Fine:**  $1,000,000

Count #: 2

<u>**Smuggling of Goods**</u>

<u>Title 18, United States Code, Section 554(a)</u>

\* **Max. Term of Imprisonment:**   10 years' imprisonment
\* **Mandatory Min. Term of Imprisonment (if applicable):**
\* **Max. Supervised Release:** 3 years
\* **Max. Fine:** $250,000

\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.