UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20242-cr-MOORE

UNITED STATES OF AMERICA

vs.

HENDEL LAURENT,

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Hendel Laurent (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the indictment, which count charges the defendant with the Attempted Export of Goods in Violation of the Export Control Reform Act, Title 50 United States Code, Section 4819.

2. This Office agrees to seek dismissal of Count 2 of the indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory

sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.   The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $1,000,000 and may order forfeiture and restitution.

5.   The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.   This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations

contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and

other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

9. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

10. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

11. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

12. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property (a) used or intended to be used, in any manner, to commit or to facilitate the violation; (b) constituting or traceable to the gross proceeds taken, obtained, or retained, in connection with or as a result of the violation; and (c) constituting an item or technology that is exported or intended to be exported in violation of 50 U.S.C. § 4819(a)(1), pursuant to 50 U.S.C. § 4819(d)(1). The property subject to forfeiture includes, but is not limited to, directly forfeitable property, including, but not limited to:

 a. One (1) Smith & Wesson Lower Receiver M&P15, serial number TR09711;

 b. One (1) Smith & Wesson Lower Receiver M&P15, serial number TR05210;

 c. One (1) Smith & Wesson Lower Receiver M&P15, serial number TR07245;

 d. One (1) Smith & Wesson Lower Receiver M&P15, serial number TR16042;

 e. One (1) Smith & Wesson Lower Receiver M&P15, serial number TP89852;

f.   One (1) Smith & Wesson Lower Receiver M&P15, serial number MA15-0101;

g.   Three (3) Smith & Wesson Unmarked Upper Receivers;

h.   Two (2) Smith & Wesson Unmarked Upper Receivers;

i.   Three (3) Unknown Unmarked Upper Receivers;

j.   One (1) Taurus G2C 9MM, serial number TMR27183;

k.   One (1) Taurus Millennium PT111 9 MM, serial number TXE78214;

l.   One (1) Taurus PT809, serial number TKM60574;

m.   One (1) Smith & Wesson SD9-VE 9MM, serial number FCV6344;

n.   One (1) Smith & Wesson SD9-VE, serial number FCW0137;

o.   One (1) Smith & Wesson SD9-VE, serial number FCV9944;

p.   One (1) Smith & Wesson SD9-VE, serial number FCV6351;

q.   One (1) Smith & Wesson SD9-VE, serial number FCV6205;

r.   One (1) Taurus G3, serial number ABL140862;

s.   One (1) Glock 19 gen 4, serial number AEPX967;

t.   One (1) Ruger 9E, serial number 337-92460;

u.   Ten (10) Smith & Wesson Magazine 9mm;

v.   Three (3) Glock Magazine 9mm;

w.   Three (3) PT 111 Pro Cal Magazine 9mm;

x.   One (1) MEC-GAR Magazine 15 RD 9mm;

y.   Two (2) MEC-GAR Magazine 17 RD 9mm;

z.   One (1) Promag Extended Magazine 30 RD 9mm;

aa.   One (1) Ruger Magazine 9mm;

bb.   Ten (10) Mag Pul P-mag Magazine 30 RD AR/M4;

cc.   One (1) IK-520 Magazine 40 RD;

dd.   Fifty (50) rounds of Blazer ammunition 9mm aluminum casing;

ee.   One-Hundred (100) rounds of Blazer ammunition 9mm brass casing;

ff.   Twenty-two (22) rounds of 9mm ammunition;

gg.   Thirty-eight (38) rounds of 223 ammunition;

hh.   One (1) long gun rail accessory;

ii.   One (1) Moriarti Armaments AR-15, serial number MA15-0101

jj.   One (1) Toyota 4Runner VIN JTEBU14R360098361.

13. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture. The defendant agrees to withdraw his petition for remission or mitigation of forfeitures and penalties incurred that he submitted to U.S. Customs and Border Protection.

14. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal,

civil or administrative forfeiture proceeding concerning the forfeiture.

15. In the event the Defendant withdraws from this Agreement prior to pleading guilty or breaches the Agreement before or after he pleads guilty to the charges identified in paragraph two (2) above or otherwise fails to fully comply with any of the terms of this Plea Agreement, this Office will be released from its obligations under this Agreement, and the Defendant agrees and understands that: (a) the Defendant thereby waives any protection afforded by any proffer letter agreements between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and that any statements made by the Defendant as part of plea discussions, any debriefings or interviews, or in this Agreement, whether made prior to or after the execution of this Agreement, will be admissible against the Defendant without any limitation in any civil or criminal proceeding brought by the Government; and (b) the Defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the facts referred to in this Agreement, of any documents provided by the Defendant or the Defendant's representatives to any state or federal agency and/or this Office.

[This Space Intentionally Left Blank]

16. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 10/3/22     By: _____
                     HAYDEN P. O'BYRNE
                     ASSISTANT UNITED STATES ATTORNEY

Date: 10/3/22     _____
                  KENNETH PADOWITZ
                  ATTORNEY FOR DEFENDANT

Date: 10/03/22    _____
                  HENDEL LAURENT
                  DEFENDANT